### George Green *v.* Napoleon J. Haines and William Miller.

Where work is done under a contract, the specifications of which are departed from by direction of the defendants, such a departure excuses performance within the time limited by the contract, and the obligation thereafter is to complete the work within a reasonable time.

What is a reasonable time is a question of fact for the determination of the jury, or referee, upon all the evidence in the case.

In such an action, what facts amount to an acceptance by the defendants of the plaintiff's work; considered.

Appeal by defendants from a judgment entered upon the report of a referee. This action was to recover for work and labor performed and materials furnished by the plaintiff, in the erection of a building in Fourteenth street, New York city, for the defendants. The answer averred that the work was not performed according to contract, nor within the time limited by contract, and claimed to recoup damages therefor. The referee found that the work was performed and the materials furnished under a written contract; that extra work was done and materials furnished at the defendants' request; that, although there was a delay in the completion of the building, it was occasioned by the defendants' acts; and reported in favor of the plaintiff for the full amount claimed. Upon the trial, one of the defendants' witnesses was upon examination excluded, upon the ground that

he was a party in interest. From the judgment entered on this report, the defendants appealed.

*Busteed and Wilson,* for the appellants.

*W. K. Thorn,* for the respondent.

DALY, J.—It was shown, by the testimony of several witnesses, that the specifications had been departed from by the directions of the defendants. This excuses performance within the time agreed upon, and the obligation thereafter is to complete the work within a reasonable time. It was shown, moreover, that the work was delayed through the act of the defendants, in delaying to remove a certain stairway.

By the contract, the work was to be finished by the 15th of October. It was not finished until about the 1st of November, according to the plaintiff's witness, or about the 15th of November, according to the defendants' witness. Whether this was completing the work within a reasonable time, was a question for the referee upon the evidence; and, in finding that it was, we cannot say that he erred. If it could have been completed at an earlier time, it rested with the defendants to show it, which they did not. It was in evidence, that after the work was claimed by the plaintiff to have been performed, he sent his journeyman to the defendants to ask if the work was finished according to the contract, and they said that it was, except in certain particulars. The journeyman finished those particulars, and then asked the defendants if there was anything more to be done to the work to finish it according to the contract, and they said there was not, and were perfectly satisfied. Upon the testimony above, the referee was justified in finding that the work was done according to the contract. If the defendants told the plaintiff's journeyman that there was nothing more to do, and that they were perfectly satisfied, that was an acceptance of full performance on their part.

The evidence supporting the finding of the referee, that the contract was fully complied with in respect to what was done,

the character of the work, and that it was performed within a reasonable time, there is no claim upon the part of the defendants to recoup damages.

The exclusion of the witness Francis Harris is not made a point on the appeal by the defendants, and need not be considered.

Judgment affirmed.